6634

LEWIS v. ATLANTIC COAST LINE R. R. CO.

CARRIER—24 STAT., 1—FREIGHT—CONSTITUTIONAL LAW—MAGISTRATE COURT.—If record discloses that the only evidence on a material point in a case in magistrate court, affirmed by Circuit Court, had been rejected on any reasonable ground, this Court would affirm the judgment, but in this case the record shows the judgment was based on the statute, 24 stat., 1, making one carrier the agent of all the connecting carriers with respect to the freight in question, which act has been held in violation of the interstate commerce clause of the Federal Constitution, and judgment is reversed.

Before ———, J., Clarendon, ———. Reversed.

3—78

Action by W. M. Lewis against Atlantic Coast Line R. R. Co. From Circuit order affirming judgment of magistrate court, defendant appeals.

*Messrs. P. A. Willcox, Henry E. Davis,* and *Wilson* and *DuRant, for appellant.* The former cite: *The act interferes with interstate commerce:* 95 U. S., 714; 154 U. S., 204; 135 U. S., 100; 12 How., 319; 120 U. S., 489; 118 U. S., 557; 114 U. S., 196; 15 Wall., 232; 91 U. S., 275; 95 U. S., 465; 102 U. S., 691; 103 U. S., 344; 135 U. S., 100; 169 U. S., 311, 133, 541; 6 Cyc., 483; 4 Ell. on R. R., sec. 1449; 196 U. S., 194; 118 U. S., 557. *The act, 24 stat., 81, is also violative of interstate commerce clause of federal constitution:* 169 U. S., 311, 133; 4 Ell. on R. R., sec. 1670; 196 U. S., 194; 201 U. S., 321.

*Messrs. Wilson* and *DuRant* cite: *The act is a burden on interstate commerce:* 91 U. S., 279; 82 U. S., 146; 122 U. S., 347; 43 S. W. R., 1033; 163 U. S., 142; 125 U. S., 465.

*Mr. W. C. Davis,* contra, cites: *This Court has already declared these and similar acts constitutional:* 63 S. C., 169; 73 S. C., 71, 140; 75 S. C., 455, 276.

August 31, 1907. The opinion of the Court was delivered by.

MR. JUSTICE WOODS. In July, 1904, Nordyke and Marmon Company delivered to the C. C. C. and St. Louis Railroad Company, at Indianapolis, Indiana, a corn mill, standard shoe and hopper, box iron castings, crated iron gear wheel, crated iron shaft, consigned to the plaintiff at Alcolu, S. C. The goods reached the defendant over the Atlantic Coast Line Railroad, the terminal carrier, in a damaged condition. Thereafter, plaintiff brought this action in a magistrate's court against the terminal company for eleven dollars' damages and the statutory penalty of fifty dollars for failure to adjust and pay the claim within ninety days. The judg-

ment of the magistrate for the entire amount claimed was affirmed by the Circuit Court.

The complaint alleges a contract of through carriage with the C. C. C. & St. Louis Railroad, by which it undertook for itself and its connecting lines, including the defendant, to transport the goods to destination; and it further alleges that all the connecting carriers received the goods and recognized, acquiesced in and acted on the contract for through carriage. The plaintiff proved the goods were damaged when received. The bill of lading was introduced in evidence, but does not appear in the record.

To rebut the presumption of damage by the terminal carrier, the defendant's receiving clerk testified the goods came into the possession of the defendant from the Chesapeake and Ohio Railroad Company at Richmond, Va., in a damaged condition. The credibility of this evidence was for the magistrate and Circuit Judge to pass on, and if the record disclosed this evidence had been rejected on any reasonable ground, the judgment would be affirmed, because this Court could not disturb the finding of fact that the presumption of damage by the terminal carrier had not been rebutted by credible testimony. The record makes it clear, however, the cause was not decided on this ground, but on the statute of May, 1903 (24 stat., 1), under which the defendant, as one of the connecting carriers, would be liable without respect to whether the damage to the goods occurred on its own line or on that of another carrier. If the act of 1903 is a valid statute, the evidence that the property was damaged on another line would be immaterial, and the Circuit Court no doubt so regarded it in holding the statute constitutional.

This case was heard in connection with *Venning* v. *Atlantic Coast Line Railway,* and the decision in that case disposes of all the questions arising in this.

The judgment of this Court is, that the judgment of the Circuit Court be reversed and the case remanded to the magistrate's court for a new trial.